**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT EDMAN EDWARDS,

Petitioner-Appellant,

v.

LENORA JORDAN, Warden,

Respondent-Appellee.

No. 02-6375
(D.C. No. 02-CV-189-C)
(W.D. Oklahoma)

**ORDER AND JUDGMENT***

Before **TACHA**, Chief Circuit Judge, **McKAY** and **ANDERSON**, Circuit Judges.

After examining the Petitioner's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a *pro se* 28 U.S.C. § 2254 prisoner appeal. Mr. Edwards was convicted of assault and battery with a dangerous weapon, possession of a controlled dangerous substance with intent to distribute, carrying a firearm after a felony conviction, possession of marijuana, and possession of drug paraphernalia.

In his § 2254 petition, Mr. Edwards sought habeas corpus relief on the following grounds: (1) the warrant for his arrest lacked sufficient probable cause; (2) the evidence seized pursuant to the arrest should have been suppressed; (3) he should have been granted a mistrial when the state presented evidence not disclosed pursuant to discovery orders of the trial court; (4) his substantive due process rights were violated when certified copies of judgments of former convictions were not presented at the preliminary hearing; (5) the trial court admitted evidence of a prior conviction in the first stage of what should have been a bifurcated trial; and (6) ineffective assistance of trial counsel. The district court denied habeas corpus relief, and Mr. Edwards applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

We agree with the district court that Mr. Edwards had a full and fair opportunity to litigate his Fourth Amendment claims (Grounds One and Two) consistent with Stone v. Powell, 428 U.S. 465 (1976), and that he is not entitled to habeas corpus relief on those grounds. With respect to Mr. Edwards' claim that a mistrial should have been granted (Ground Three), we agree with the district court that since the state trial court's decision to grant a continuance rather than a mistrial was based on Oklahoma law, the issue is not cognizable on federal habeas corpus review. We also agree that Grounds Four, Five and Six are procedurally barred.

We have carefully reviewed Mr. Edwards' brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. Therefore, for substantially the same reasons as set forth by the district court in its Order of October 24, 2002, adopting the magistrate judge's recommendations, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge